UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :

MICHAEL LEJON HAWKINS,               :        CASE NO. 1:17-CV-00070
                                              :
          Plaintiff,                          :
                                              :
vs.                                           :        OPINION & ORDER
                                             :        [Resolving Doc. No. 1]
CUYAHOGA COUNTY JAIL,              :
                                             :
         Defendant.                       :
                                             :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Michael Lejon Hawkins filed this action under 42 U.S.C. § 1983 against the Cuyahoga County Jail. In the Complaint, Plaintiff alleges several corrections officers assaulted him after he verbally insulted Corrections Officer Mitchell. He contends they used excessive force and violated his right to Freedom of Speech in violation of the Eighth and First Amendments. He seeks monetary damages.

**I. Background**

Plaintiff claims Corrections Officer Mitchell caught him visiting another inmate's cell and ordered him to lock down. Plaintiff call him a derogatory name. He claims Mitchell responded by calling him derogatory names and attempted to provoke a fight. Plaintiff indicates that when he returned to his cell, he told Mitchell he was not going to fight and the officer could return to his business. Mitchell activated his "man down" button summoning the "SRT" officers. Plaintiff claims he did not resist and placed his hands behind his back to be cuffed. One of the officers sprayed him repeatedly with pepper spray. Plaintiff states he was then

yanked off of the bed and dragged on his stomach out of the day room. He was placed in a restraint chair for two hours and then was removed to segregation. He asserts he was assaulted for exercising his First Amendment right to insult the officer. He also contends the officers used excessive force in removing him from his cell.

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."[4] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

[2] *Neitzke*, 490 U.S. at 327.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

[4] *Iqbal*, 556 U.S. at 678.

action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[6]

### III. Analysis

As an initial matter, the Cuyahoga County Jail is not a legal entity capable of being sued. Rather, as it is a facility owned and operated by Cuyahoga County.[7] The claims against the Jail are therefore construed as claims against the County.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by its employees or agents.[8] It can only be held liable when its own actions, through the execution of its policies or customs, cause injury to the Plaintiff.[9] A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers."[10] In this case, Plaintiff alleges individual officers assaulted him. He even states that Mitchell did not follow the proper procedures for handling an unruly inmate. He has not alleged facts to suggest his injuries were caused by a custom or policy of the County. He therefore cannot hold the County liable for damages.

---

[5] *Id.*

[6] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

[7] *See Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987). *See also Messer v. Rohrer*, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997).

[8] *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978).

[9] *Id.* at 694.

[10] *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

## IV. Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[11]

IT IS SO ORDERED.

Dated: May 3, 2017
             *s/  James S. Gwin*
             JAMES S. GWIN
             UNITED STATES DISTRICT JUDGE

---

[11] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.